### In re CITIES SERVICE CO.
### Civil Action No. 1028.

District Court, D. Delaware.
June 10, 1947.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., Clinton J. Ruch and Eugene B. Sullivan (of Frueauff, Burns, Ruch & Farrell), and Joseph L. Weiner, all of New York City, for Cities Service Company.

Harry G. Slater and M. Morton Weinstein, both of Philadelphia, Pa., for the Securities and Exchange Commission.

Arthur Richenthal, Irving M. Moss, and Harold Levin, all of New York City, for the Committee of Preferred Stockholders.

Samuel A. Mehlman, of New York City, for individual Preferred and Preference stockholders.

Louis Kipnis (of Joseph Nemerov), of New York City, for individual Preferred Stockholders.

LEAHY, District Judge.

At the hearing, I approved the plan from the bench, but informed counsel that I would file a memorandum on the question whether the preferred should receive debentures in the principal amount sufficient to cover their liquidating claim which includes the redemption figure. I turn now to a consideration of this feature of the plan.

██ The test always in these cases is whether the proposed plan is fair and equitable to the security holders affected by it. As I pointed out in In the Matter of Interstate Power Company, D.C.Del., 71 F.Supp. 164, but which still does not seem to be fully understood by the profession, the test is not simply whether the senior security holders, in their order of preference, get the equitable equivalent of the rights surrendered as they would in a reorganization case where insolvency obtains, i. e., the test exemplified by Group of Institutional Investors et al. v. Chicago, Milwaukee, St. Paul & Pacific R. R. Co., 318 U.S. 523, 63 S.Ct. 727, 87 L.Ed. 959, but whether all classes of stockholders are getting fair and equitable treatment based on notions of colloquial equity. In the reorganization cases where insolvency is present, you consider first the rights of the senior holders alone and inquire whether they are receiving the equitable equivalent of the rights surrendered, whereas in these cases you must consider the rights of all holders at the same time. This is not an Aquinasian splitting of hairs, because it is perfectly obvious under the reorganization approach there would have been nothing for the common, In re United Light & Power Co., D.C., 51 F. Supp. 217, aff'd In re Securities and Exchange Commission, 3 Cir., 142 F.2d 413, aff'd sub. nom. Otis & Co. v. S.E.C., 323 U.S. 624, 65 S.Ct. 483, 89 L.Ed. 511, because the preferred did not get the equitable equivalent of the rights surrendered, as that term is used in reorganization cases.

██ After reviewing the findings and opinion of the Commission, I think the plan is fair and equitable to all security holders. While not conclusive, I regard it as an important element in fairness and equity that the plan is the result of a complete compromise acceptable to all the parties. It is powerful argument for court approval of a plan of distribution of the property of a company when not only the Commission recommends it but also where the plan is considered by practically all the owners of such property to be fair and equitable.

██ The parties argue that the liquidating premium was properly allowed here and this case is distinguishable on the facts from In re Engineers Public Service Co.,

D.C.Del., 71 F.Supp. 797. The short answer is that the plan does not call for the payment of the liquidating premium, as such. The plan calls for a payment in face of debentures in a principal amount sufficient to take care of the liquidating premium. The argument that the premium is being paid must be based on the assumption that these 3% debentures are the equivalent of money. This is an assumption which I refuse to make. Even conceding that the debentures are superior in quality to the old preferred stock, it is still not certain they are of a grade to sell on a money basis and even if they were what the rate would have to be to support a price of 100. It is only when the mentioned variables are not present and cash is paid can it be said that the redemption or liquidating premium is or is not being paid. It is of no importance to determine this question abstractly for the crucial test is whether the distribution is fair and equitable to all the affected security holders. Moreover, I have held in a number of cases that the charter provision is not controlling and the court must look to all the facts and circumstances to arrive at the determination of whether the plan is fair and equitable. See, In re Consolidated Electric & Gas Co., D.C.Del., 55 F.Supp. 211; In re Engineers Public Service Co., D.C.Del., 71 F.Supp. 797.

Even if the 3% debentures were the equivalent of money, I think the payment in a principal amount to include the liquidating premium would be fair and equitable and that this case is readily distinguishable from the Engineers Public Service Co. case. In Engineers payment was made to the preferred stockholders in a "true liquidation"; the charter provided for no premium in a case of an involuntary liquidation; the market history indicated that the preferred would be treated fairly without payment of the premium; and hardship had been worked on both classes of stockholders as a result of divestment orders. In the matter at bar, there was no distinction made in the charter between voluntary and involuntary liquidation. The record indicates common stockholders have achieved great advantages to the detriment of the preferred and the preferred has generally been abused from non-payment of dividends. Here, there has been no hardship worked on any stockholders as a result of divestment orders, and the preferred stockholders are receiving a lower interest rate as a result of the exchange. I wish to re-emphasize that once the charter provision is regarded as not controlling, the relative rights of the various security holders are determined by the applications of standards of colloquial equity. Since this is not a true liquidation but is a pseudo-liquidation similar to that involved in In re United Light & Power Co., D.C., 51 F.Supp. 217, affirmed In re Securities and Exchange Commission, 3 Cir., 142 F.2d 413, aff'd sub. nom. Otis & Co. v. S.E.C., 323 U.S. 624, 65 S.Ct. 483, 89 L.Ed. 511, the problem raised in Engineers (i. e., whether the charter provisions do not control in cases of a true liquidation) and which problem was left open in Engineers, does not arise here.